IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UBS FINANCIAL SERVICES,    )
INC.,                      )
                           )
     Plaintiff,            )
                           )    CIVIL ACTION NO.
     v.                    )      2:17cv832-MHT
                           )          (WO)
SAMUEL ADAMS REEVES,       )
                           )
     Defendant.            )
```

OPINION

Pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9, plaintiff UBS Financial Services, Inc., filed a petition for confirmation of an arbitration award against defendant Samuel Adams Reeves. This court has jurisdiction pursuant to 28 U.S.C. § 1332. This case is before the court on UBS's motion for default judgment. For the reasons below, the motion will be granted.

UBS filed its petition to confirm the arbitration award on December 11, 2017. UBS served Reeves with the summons and petition by certified mail pursuant to

Alabama law on January 2, 2018. *See* Return Receipt Card (doc. no. 10). Reeves's answer was due within 21 days of service, or by January 23, 2018. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). On January 23, 2018, Reeves filed a "notice" stating that he does not have an attorney representing him and asking that all filings be sent to the provided address. Notice (doc. no. 11). He did not otherwise answer the petition.

On February 16, 2018, UBS filed a request pursuant to Federal Rule of Civil Procedure 55(b)(1) for the clerk of court to enter default and default judgment in the amount of $ 364,670.27. Request for Entry of Default and Judgment (doc. no. 14). Reeves was served with the request, *see id.* (certificate of service), but did not object or otherwise respond. On April 10, 2018, the clerk of court entered default (doc. no. 15) but declined to enter default judgment.

The clerk may enter a default judgment "[i]f the plaintiff's claim is for a sum certain or a sum that

2

can be made certain by computation, ... against a defendant who has been defaulted *for not appearing* and who is neither a minor nor an incompetent person." Fed. R. Civ. P. 55(b)(1) (italics added). Here, however, Reeves has appeared pro se by filing his "notice"--he simply has not filed an answer or otherwise defended against UBS's petition--so the clerk properly declined to enter a default judgment under Rule 55(b)(1). Accordingly, the court construed the application for default judgment as a motion for default judgment pursuant to Rule 55(b)(2).[1]

"[A] defendant's default alone does not warrant entry of a default judgment." *Nyesa Costa Rica v. Wilson Cap. Grp. Holdings, LLC*, No. 11-22036-CIV, 2012 WL 1492344, at *3 (S.D. Fla. Apr. 27, 2012) (Seitz, J.) (citation omitted). This is so because "a default is

---

1. UBS filed a motion to correct the clerk's entry of default, in which it argues that the clerk erred by not entering default judgment. For the reasons just discussed, the court disagrees. In any case, the motion will be denied as moot.

not 'an absolute confession by the defendant of his liability and of the plaintiff's right to recover,' but is instead merely 'an admission of the facts cited in the Complaint, which by themselves may or may not be sufficient to establish a defendant's liability.'" *Natures Way Marine, LLC v. N. Am. Materials, Inc.*, No. CIV. A. 08-0005-WS-B, 2008 WL 801702, at *2 (S.D. Ala. Mar. 24, 2008) (Steele, J.) (citations omitted). A default judgment, including the specific nature and extent of the relief sought, must be adequately supported in the record. *See, e.g., Boswell v. Gumbaytay*, No. 2:07-CV-135-WKW, 2009 WL 1515912, at *8 (M.D. Ala. June 1, 2009) (Watkins, J.) (in entering a default judgment, "[t]he court's core duty is 'to assure [itself] that there is a legitimate basis for any damage award it enters'") (quoting *Anheuser-Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003)).

Here, the well-pled allegations of the complaint and attached documents adequately establish the basis

for a default judgment.  The complaint states that Reeves, then an employee of UBS, obtained four loans from UBS totaling $ 960,279.00, and executed a promissory note and agreement for each loan.  He resigned in April 2015, making the four promissory notes immediately due under their terms.  At that time, the outstanding principal balance due UBS was $ 346,370.27, and UBS and Reeves entered a confidential agreement and general release (referred to hereafter as "the Agreement") that established a three-year payment plan.  *See* Confidential Agreement and General Release (doc. no. 1-1).

Reeves failed to make any payments under the payment plan.  The Agreement contains a provision that requires any claims under it to be resolved by final and binding arbitration.  In July 2016, UBS filed an arbitration proceeding against Reeves.  Reeves agreed to submit the matter to arbitration.  *See* Submission Agreement (doc. no. 1-2).  On August 20, 2017, the

5

arbitrator issued an award in favor of UBS and against Reeves in the amount of $ 346,370.27, which was served on Reeves.  Arbitration Award (doc. no. 1-4).

UBS seeks entry of a judgment in the amount of $ 346,370.27 against Reeves.  UBS filed its petition pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9, which provides:

> "If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected.... If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made."

9 U.S.C. § 9.  The venue provisions are permissive, "permitting such a motion either where the award was made or in any district proper under the general venue statute."  *Cortez Byrd Chips, Inc. v. Bill Harbert Const. Co.*, 529 U.S. 193, 195 (2000).

The requirements for confirmation of the arbitration award have been met here. The parties in their confidential agreement "agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration," 9 U.S.C. § 9: the Agreement states that "any judgment or award issued by an arbitrator may be entered in any court of competent jurisdiction." Confidential Agreement and General Release (doc. no. 1-1) at para. 26(e). Venue is proper because Reeves resides in the Middle District of Alabama. 28 U.S.C. § 1391(b)(1). Furthermore, UBS timely filed the instant petition within one year of the arbitrator's award. The arbitrator awarded UBS $ 346,370.27 in damages against Reeves, *see* Arbitration Award (doc. no. 1-4), and the court sees no reason to question the validity of the award. Accordingly, UBS is entitled to a default judgment for that amount.

An appropriate judgment will be entered.

DONE, this the 3rd day of July, 2018.

                                        /s/ Myron H. Thompson
                                **UNITED STATES DISTRICT JUDGE**